```
IN THE UNITED STATES DISTRICT COURT
  FOR THE WESTERN DISTRICT OF NORTH CAROLINA
               CHARLOTTE DIVISION

UNITED STATES OF AMERICA     )
                             )
          Petitioner,        )      3:98CR7-16-MU
                             )      3:05CV502
     v.                      )
                             )
JACK PHILIPS                 )      MEMORANDUM OPINION
                             )
          Respondent.        )
_____)
```

This matter is before the Court on defendant's petition for a writ of mandamus (3:98CR7-16-MU, Filing No. 433); defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (3:05CV502, Filing No. 1); and the government's motion to dismiss the defendant's § 2255 petition (3:05CV502, Filing No. 4). Having reviewed the motions, the parties' briefs and evidentiary submissions, and the applicable law, the Court will deny the defendant's petition for a writ of mandamus; deny the defendant's motion under 28 U.S.C. § 2255; and grant the government's motion to dismiss.

## I.  BACKGROUND

On July 6, 1998, the defendant and others were indicted for conspiracy to possess with intent to distribute, and distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Defendant was offered a plea agreement, but refused to plead, and was later convicted by a jury on April 8, 1999. On September 23, 1999, the Court sentenced the

defendant to 292 months imprisonment, five years of supervised release, and to pay a $100 special assessment. The defendant filed a notice of appeal with the Fourth Circuit Court of Appeals on October 1, 1999. Shortly thereafter, on October 12, 1999, the defendant moved to dismiss his appeal, pursuant to Fed. R. App. P. 42(b). The Fourth Circuit dismissed defendant's appeal on October 20, 1999.

More than four years later, on March 17, 2004, the defendant filed the instant petition for writ of mandamus. The defendant seeks a court order compelling the government to comply with the terms of an alleged cooperation agreement by filing a motion to reduce defendant's sentence, pursuant to Fed. R. Crim. P. 35(b). The defendant claims that he was advised by his attorney, James Bowman, following the imposition of his sentence, that Mr. Bowman had reached a "tentative agreement" with the government whereby the government would file a motion for a reduction in sentence under Fed. R. Crim. P. 35(b), in the event the defendant provided substantial assistance to the government in the investigation and/or prosecution of persons involved in crimes against the United States. The defendant further claims that he was advised by Mr. Bowman that he would have to withdraw his appeal and fully cooperate with the government in order to be entitled to a reduction in his sentence.

The government does not dispute that it was contacted by Mr. Bowman regarding the defendant's willingness to cooperate; that it agreed to listen to what the defendant had to say; and that the defendant was debriefed by the government and was transported to the Western District of North Carolina to appear as a potential witness in a criminal trial. The government contends, however, that it never entered into a "cooperation agreement" with the defendant.

Mr. Bowman and Noell P. Tin, who was hired by the defendant post-conviction, each provided affidavits concerning these events. In his affidavit, Mr. Bowman states that "[t]here was at no time any agreement by the office of the U.S. attorney for the Western District of North Carolina as to the sentence to be imposed on Mr. Phillips" and that "[t]here was never any agreement that Mr. Phillips would receive any benefit from his post-conviction attempts to cooperate with the government and local police." Similarly, in his affidavit, Mr. Tin states that the U.S. Attorney's office indicated a willingness to consider a Rule 35 motion for reduction in sentence if the defendant provided substantial assistance to the government, but that the government never guaranteed the defendant that it would move for a reduction of defendant's sentence. Mr. Tin further states that he never advised the defendant that he was guaranteed a reduction

in sentence and that the defendant, to his knowledge, never provided any information that assisted with an investigation.

On November 30, 2005, the defendant filed a Motion to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. § 2255, raising a claim of ineffective assistance of counsel based on newly discovered evidence. The government seeks dismissal of defendant's habeas petition, arguing that defendant's § 2255 claims are time-barred. The motions are fully briefed and are now before the Court.

## II. DISCUSSION

### A. Defendant's Petition for a Writ of Mandamus

The defendant seeks a writ of mandamus compelling the government to comply with the parties alleged "cooperation agreement," by filing a Rule 35(b) motion for reduction in sentence. Mandamus relief is a drastic remedy to be used only in extraordinary circumstances. *Kerr v. United States Dist. Court for N. Dist. California*, 426 U.S. 394, 402 (1976). "The party seeking mandamus relief carries the heavy burden of showing that he has 'no other adequate means to attain the relief he desires' and that his right to such relief is 'clear and indisputable.'" *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987) (quoting *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980)).

The defendant's petition for a writ of mandamus compelling the government to file a Rule 35(b) motion fails

because the defendant has not sustained his burden of proving that he had a "clear and undisputable" right to a reduction in his sentence.  A sentencing court lacks authority to compel the government to file a motion for a reduction in sentence unless the government obligated itself, in a plea agreement, to make a Rule 35(b) motion or unless, in the absence of such an obligation, it is shown that government's refusal or failure so to move was based on an unconstitutional motive.  *See United States v. Thompson*, 102 Fed. Appx. 770, 771 (4th Cir. 2004); *United States v. Wallace*, 22 F.3d 84, 87 (4th Cir. 1994).  The defendant's contention the Court should compel the government to file a Rule 35(b) motion because he had a binding "cooperation agreement" with the government, is not supported by the record.  There is no reliable evidence before the Court that any "cooperation agreement" ever existed between the government and the defendant.  Although the government indicated that it would consider filing a Rule 35(b) motion if the defendant provided substantial assistance, the affidavits of Mr. Bowman and Mr. Tin unequivocally state that the government never obligated itself, in any way, to file Rule 35(b) motion.  Accordingly, the Court finds that defendant has not sustained his burden of proving that he has a "clear and undisputable" right to a reduction in his sentence under Rule 35(b).

**B. Defendant's Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255**

The defendant also seeks relief under 28 U.S.C. § 2255 for ineffective assistance of counsel. The defendant claims that he is entitled to § 2255 relief because newly discovered evidence, namely, Mr. Bowman's affidavit dated January 21, 2005, reveals that Bowman advised the defendant to "withdraw his appeal through coercion, misadvice, and dishonesty." Specifically, the defendant alleges that Bowman misled and coerced him into withdrawing his appeal by lying to him and telling him that he had entered into a cooperation agreement with the government on the defendant's behalf. For reasons set forth below, the Court finds that defendant's § 2255 motion is time-barred.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 ¶ 6, a § 2255 petition must be filed within one year of "the date on which the judgment of conviction becomes final" or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255 ¶ 6(1), (4). The judgment of conviction for a prisoner who does not pursue a direct appeal becomes final upon the entry of the judgment of conviction. *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001). If a prisoner's conviction is affirmed on direct appeal and he does not file a petition for certiorari, the judgment of conviction becomes final ninety days

after entry of the Court of Appeals' judgment. *See Clay v. United States*, 537 U.S. 522, 527 (2003). Giving the defendant the benefit of having actually pursued a direct appeal and, therefore, calculating the date of final judgment from the Fourth Circuit's October 20, 1999, order dismissing his appeal, the defendant's judgment of conviction became final on January 18, 2000. Defendant's § 2255 petition, which was filed on November 30, 2005, approximately five years after his judgment of conviction became final, is clearly untimely under 28 U.S.C. § 2255 ¶ 6(1).

While defendant's § 2255 motion is untimely under § 2255 ¶ 6(1), the defendant argues that his petition is nonetheless timely under § 2255 ¶ 6(4) because the information contained in Mr. Bowman's January 1, 2005, affidavit constitutes newly discovered evidence. This argument is without merit for two reasons. First, there is no evidence before the Court that the defendant exercised due diligence in seeking the information contained in Mr. Bowman's affidavit. Second, the information contained in Mr. Bowman's affidavit does not entitle the defendant to a reduction in his sentence. To the contrary, the information contained in Mr. Bowman's affidavit supports the conclusion that the government did not have a binding obligation to file a Rule 35(b) motion. Mr. Bowman's affidavit was a "memo on withdrawal of appeal" (Filing No. 5 in 3:05CV502) (Exhibit 3

to the government's motion to dismiss), which together with Mr. Bowman's affidavit clearly establishes that defendant was not subjected to any "coercion, misadvice, and dishonesty" as he claims. The above memo is dated October 6, 1999, and was signed by the defendant.

Moreover, the Court also finds that the defendant is not entitled to equitable tolling of the AEDPA's one-year statute of limitations. "[E]quitable tolling of the AEDPA's one-year limitation period is reserved for those rare instances where -- due to circumstances external to the party's own conduct -- it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Minter v. Beck*, 230 F.3d 663, 666-67 (4th Cir. 2000) (internal quotations omitted). The defendant's failure to timely file his § 2255 petition was not due to circumstances external to his own conduct. Accordingly, defendant's § 2255 petition will be denied. A separate order will be entered in accordance with this memorandum opinion.

DATED this 10th day of February, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court